**Penn A. Dodson (PD 2244)**
**Alexander L. Gastman (AG 8241)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*
*alex@andersondodson.com*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MIN KIM,** in his individual capacity and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **32 MUSIC STUDIO, CORP.,** <br>   d/b/a 5 Bar Karaoke & Lounge, and <br> **DU KYU "HOWARD" PARK,** individually <br><br> Defendants. | **COMPLAINT FOR DAMAGES** <br><br> Case No. 1:17-CV-_____ <br><br><br> **JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Plaintiff Min Kim worked as server and bartender for Defendants' karaoke bar and lounge for approximately one and a half years. During this time, Defendants committed multiple pay violations against Plaintiff, and others similarly situated, including failing to pay a minimum wage rate for all hours worked or an overtime rate for all hours worked over forty in any given work week, management retaining tips, making various forms of unlawful deductions, failing to provide a wage notice or tip notice, failing to pay "spread of hours" pay, and failing to maintain proper records of employees' time and pay.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

2. To challenge these and other wage violations, Plaintiff, both in his individual capacity and on behalf of others similarly situated, brings this action, by and through their attorneys, against Defendants 32 Music Studio, Corp. d/b/a 5 Bar Karaoke & Lounge and Dyu Kyu "Howard" Park, individually, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

3. Plaintiff further alleges that Defendants violated the anti-retaliation provisions of the FLSA and NYLL by terminating him in response to his complaints regarding Defendants' wage and hour violations.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' karaoke bar and lounge located at 38 West 32nd Street, 5th Floor, New York, NY 10001.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## PARTIES

**Defendant 32 Music Studio, Corp.**

7. Defendant **32 Music Studio, Corp.** d/b/a 5 Bar Karaoke and Lounge (hereinafter "5 Bar") is a corporation doing business within the County of New York, whose principal place of business is located at 38 West 32nd Street 5th Floor, New York, NY 10001. Its DOS Process agent is listed with the NYS Department of State as 32 Music Studio, Corp. with the same address.

8. Defendant 5 Bar operates a karaoke bar and lounge located at 38 West 32nd St # 508, New York, NY 10001 which does business as 5 Bar Karaoke and Lounge.

9. At all relevant times, Defendant 5 Bar had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant 5 Bar was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times material to this action, Defendant 5 Bar was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Du Kyu "Howard" Park**

12. Defendant Du Kyu "Howard" Park (hereinafter "Park"), an individual, resides in Queens, New York, upon information and belief.

13. Defendant Park has an ownership interest in and/or is a member or shareholder of Defendant 5 Bar.

14. Defendant Park is one of the ten largest shareholders of Defendant 5 Bar.

15. At all times material to this action, Defendant Park actively participated in the business of the corporation.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

16. At all times material to this action, Defendant Park exercised ultimate operational control over the functions of the company's employees including Plaintiff. Amongst other functions, he hired managerial employees and retained overall financial control of the company.

17. At all times material to this action, Defendant Park was an "employer" of the Plaintiff as defined by § 203(b) of the FLSA and the NYLL.

**Plaintiff Min Kim**

18. Plaintiff Min Kim is a resident of Jersey City, New Jersey, which is in Hudson County.

19. At all times material to this action, Plaintiff Kim was an "employee" within the meaning of 29 U.S.C. § 203(e) and the NYLL.

20. Plaintiff Kim worked for Defendants as a server and bartender from approximately mid-March 2015 to September 2, 2016.

21. While in this position, Plaintiff Kim's pay scheme was based on an hourly rate plus tips.

22. Plaintiff Kim's rate of pay varied depending on the hours of the day he worked. From 2 p.m. to 6 p.m. Defendants paid Plaintiff $7.00 per hour plus about half of the tips left for Plaintiff. From 6 p.m. to closing, Defendants paid Plaintiff $4.00 per hour plus a portion of the tips left for him.

23. Defendants paid Plaintiff in cash.

24. Defendants never provided Plaintiff with any paystubs or a NYLL wage notice.

25. Defendants required Plaintiff and all other customarily tipped employees, like servers and bartenders, to share/pool tips with kitchen staff and management.

26. Specifically, Defendants' manager at the time, Ken Park, took and kept for himself approximately 10-13% of the day's tips off the top. Of the remaining sum, Plaintiff and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

other tipped employees were each required to pay the kitchen staff a flat amount ranging from $20 to $30 per server/bartender. Of the remaining sum - - after the manager took his percentage and the kitchen staff received their mandated flat amount - - another manager Justin Park, who upon information and belief is a relative of Defendant Park, took half. The remaining sum was then divided among the traditionally tipped employees, pro rata, based on the number of hours each worked.

27. Generally, Plaintiff Kim received his portion of cash tips on the same day he worked.

28. However, credit card tips and wages were paid several weeks, if not months, later.

29. Defendants made deductions from Plaintiff Kim's pay for customer walk-outs. These deductions were taken from what was left of Plaintiff Kim's tips after sharing the same with management and kitchen staff. These deductions occurred, on average, once every two months.

30. While working in this capacity, Plaintiff Kim was expected to record time worked on a handwritten daily log.

31. To log their time worked, Plaintiff and others similarly situated would note their hours in handwriting on a form Defendants provided.

32. Separately, Defendants maintained a written ledger where the manager would calculate employees' time worked, base pay earned, and tips due (after deducting as described above for management and the kitchen staff).

33. Plaintiff Kim's schedule varied greatly and was entirely dependent on Defendants' scheduling decisions.

34. Defendants generally scheduled employees to work the following shifts: Sunday – Wednesday from 2 p.m. to 9 p.m. (7 hours); Thursdays for varying amounts of time based

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Kim v. 32 Music Studio, Corp. et al*
USDC, Southern District of New York

Complaint
Page 5

on Defendants' needs; and Friday and Saturday in one of three shifts from 2 p.m. to 11 p.m. (9 hours), 6 p.m. to 2 a.m. (8 hours). or 9 p.m. to 5:30 a.m. (9.5 hours).

35. On average, Plaintiff Kim worked five shifts a week, comprised of three shifts from Sunday to Wednesday and two shifts on Friday and Saturday, with at least one of the weekend shifts almost always being the last shift of the day. The Sunday – Wednesday shifts were generally from approximately 2 p.m. to 9 p.m. (7 hours). Friday and Saturday, he would generally work one of three shifts: from 2 p.m. to 11 p.m. (9 hours), 6 p.m. to 2 a.m. (8 hours), or 9 p.m. to 5:30 a.m. (9.5 hours). Thus, on average Defendants scheduled Plaintiff Kim to work approximately 38.5 hours a week.

36. Approximately once a month, Defendants scheduled Plaintiff Kim to work an additional Sunday – Wednesday shift for an additional 7 hours. During these weeks, Defendants scheduled Plaintiff Kim to work approximately 45 hours a week.

37. On occasion, on a Friday or Saturday night especially, he would work longer than 10 hours in a shift.

38. In addition to Defendants' scheduled hours, Plaintiff Kim was required to work additional hours to clean up the restaurant. On average, this was an additional hour per shift.

39. Plaintiff Kim estimates that in general he worked approximately 30-45 hours per week.

40. Plaintiff Kim was not paid at a rate of one and one half times his normal hourly rate for the hours over 40 worked in a workweek.

41. On or about September 2, 2016, Plaintiff Kim confronted Defendants' manager, Ken Park, about the impropriety of Defendants' mandatory tip sharing policy and the subminimum wage rates that he and his colleagues were being paid. In response, the manager terminated Plaintiff Kim on the spot.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

42. Thereafter, Plaintiff Kim contacted Defendant Park and informed him of various issues occurring at the bar, including the Defendants' failure to pay minimum wage and overtime, and their improper retention of tips. In response, Defendant Park stated that Ken Park and Justin Park were permitted to retain tips.

**FLSA Collective Plaintiffs**

43. Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all non-management employees paid on the basis of an hourly wage or hourly wage plus tips and working for Defendants on or after the date three years before the filing of the instant Complaint, in any location (the "FLSA Collective Plaintiffs").

44. Upon information and belief, all servers and bartenders are paid at an hourly rate plus tips, have common or substantially similar job descriptions and duties, and are subject to common or substantially similar policies and procedures.

45. The FLSA Collective Plaintiffs are similarly situated, in that they have had substantially similar job duties, have been subject to a common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

46. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail and email.

**Rule 23 Class**

47. The Named Plaintiff bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all non-management employees paid on the basis of an hourly wage or hourly wage plus tips and working for Defendants on or after the date six years

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

before the filing of the instant Complaint within the state of New York (the "NYLL Class Plaintiffs").

48. The number of, and identities of, the individuals comprising the NYLL Class are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the NYLL Class Plaintiffs via means permissible under FRCP 23, correlative case law, and appropriate judicial guidance.

49. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than forty (40) individuals in the proposed NYLL Class.

50. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

51. The Named Plaintiff's claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiff is typical of the relief which could be sought by any member of the proposed NYLL Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendants as alleged herein. There was nothing special about the Named Plaintiff that caused him to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendants benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

52. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Kim v. 32 Music Studio, Corp. et al*
USDC, Southern District of New York

Complaint
Page 8

experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

53. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining positions. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

54. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

55. Further, especially given the current state of alternative job availability, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the NYLL requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

56. There are questions of law and fact common to the Class that predominate over questions

affecting class members individually. Some of these questions may include the following:

a. Whether employees who worked more than 40 hours a week were properly compensated for their overtime pay;

b. Whether employees who worked more than 10 hours a day were properly compensated with "spread of hours" pay;

c. Whether employees received paystubs and tip notices;

d. Whether employees were properly compensated at a rate at or above the applicable minimum wage rate;

e. Whether Defendants made improper deductions to employees' pay;

f. Whether employees were paid late;

g. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

h. Whether Defendants' conduct was willful;

i. Whether Defendants maintained true and accurate time and payroll records; and

j. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

57. Plaintiff and others similarly situated reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

58. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Kim v. 32 Music Studio, Corp. et al*
USDC, Southern District of New York

Complaint
Page 10

violation of the FLSA.

### *Failure To Pay Minimum Wage*

59. Defendants failed to compensate Plaintiff and others similarly situated at the minimum wage for all hours they worked, in violation of the FLSA.

### *Improper Tip Sharing/Pooling Practices*

60. Defendants demanded or accepted some part of gratuities received by or on behalf of the Plaintiff and others similarly situated, and required they share the same with non-traditionally tipped employees, i.e. kitchen staff and managers, thereby abnegating any entitlement to a tip credit.

### *Late Payments*

61. On at least some occasions, Plaintiff and others similarly situated did not receive their paychecks on their prescribed paydays.

62. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff and others similarly situated is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp*., 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

63. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and others similarly situated, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

64. Defendants had no good faith basis for believing that their pay practices as alleged above

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

were in compliance with the law.

65. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

66. As a result of the violations by Defendant of the FLSA, the Plaintiff and others similarly situated are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

67. Plaintiff and others similarly situated reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

68. At all relevant times, Plaintiff and others similarly situated were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Overtime*

69. Defendants failed to compensate Plaintiff and others similarly situated at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

70. Plaintiff and others similarly situated worked more than 10 hours on at least some workdays, but Defendants failed to pay them an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

### *Failure To Pay Minimum Wage*

71. Defendants failed to pay Plaintiff and others similarly situated the minimum wage for all hours they worked, in violation of NYLL § 652.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Improper Deductions*

72. The Defendants made deductions from the wages of Plaintiff and others similarly situated other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

73. Specifically, Defendants made deductions to Plaintiff's wages for customer walk outs.

*Improper Tip Pooling Practices*

74. Defendants demanded or accepted some part of gratuities received by or on behalf of the Plaintiff and others similarly situated and required the same to be shared with non-traditionally tipped employees, i.e. kitchen staff and management, in contravention of NYLL § 196-d.

*Failure To Pay Wages At Prescribed Frequency*

75. Plaintiff and others similarly situated were "manual workers" as that term is defined in NYLL § 190(4).

76. On at least some occasions, Plaintiff and others similarly situated did not receive their paychecks on their prescribed paydays.

77. Because of these untimely payments, Plaintiff and others similarly situated were not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

78. Plaintiff was not consistently paid at regular weekly intervals, nor was there any agreement in place as contemplated by NYLL § 191(1)(a)(ii).

79. When Plaintiffs and others similarly situated were separated from the company, the employer failed to pay the wages owing in their final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL §

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

191(3).

80. Alternatively, Plaintiffs and others similarly situated were "clerical [or] other workers" as that term is defined in NYLL § 190(7).

81. Plaintiff and others similarly situated were not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

82. When Plaintiff and others similarly situated were separated from the company, the employer failed to pay the wages owing in their final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

*Failure to Provide Pay Stubs / Wage Notices / Tip Notice*

83. Defendants failed to furnish Plaintiff and others similarly situated with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

84. Defendants failed to furnish Plaintiff and others similarly situated with "pay stubs" or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

85. Defendants failed to furnish Plaintiff and others similarly situated with a "tip notice" or written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, and a statement that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate. 12 N.Y. Comp. Codes R. & Regs. 146-2.2.

*Record-Keeping Failures*

86. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

87. At all relevant times, Defendants failed to establish, maintain and preserve, for not less than six years, payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

88. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Willfulness and Damages*

89. Defendants willfully violated the rights of Plaintiff and others similarly situated by failing to pay them for all of the hours they actually worked.

90. Defendants willfully violated the rights of Plaintiff and others similarly situated by failing to pay them at a rate of not less than one and one-half times their regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Kim v. 32 Music Studio, Corp. et al*
USDC, Southern District of New York

Complaint
Page 15

91. Due to Defendant's New York Labor Code violations, Plaintiff and others similarly situated are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**As And For A Third Cause of Action:**
**FLSA – RETALIATION**

92. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

93. On or about September 2, 2016, Plaintiff complained verbally to his immediate superior, Ken Park, about the propriety of the Defendants wages policies including their failure to pay the minimum wage or an overtime rate for hours worked over forty in a week, their tip sharing policy, and the deductions being made to his pay.

94. Upon his complaints, Defendants' manager, Ken Park, summarily terminated Plaintiff.

95. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA. See *Kasten v. Saint-Gobain Performance Plastics Corp.*, 130 S. Ct. 1890 (2010) (granting certiorari).

96. Plaintiff's termination from employment was an adverse employment action.

97. Plaintiff's termination from employment was causally connected to his inquiries regarding the propriety of the deductions being made to his pay.

98. Defendants violated the provisions of Section 15(a)(3) of the FLSA (29 U.S.C. § 215(a)(3)), by discriminating against Plaintiff for exercising rights protected under the Act.

99. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

determined at trial.

### As And For A Fourth Cause of Action:
### NYLL – RETALIATION

100. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

101. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in an activity protected under NYLL § 215(2).

102. Plaintiff's termination from employment was an adverse employment action.

103. Plaintiff's termination from employment was causally connected to his complaints regarding the propriety of Defendants' pay practices.

104. Defendants violated the provisions of NYLL § 215 by retaliating against Plaintiff for exercising protected rights.

105. As a result of these violations by Defendants of the NYLL, the Plaintiff is entitled to damages as set forth in the NYLL, more specifically NYLL § 215(2), in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Certify Count I as a Collective Action pursuant to 29 U.S.C. § 216(b);

(B) Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23;

(C) Award Plaintiff and others similarly situated unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(D) Award Plaintiff and others similarly situated liquidated damages in the amount of

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(E) Award Plaintiff and others similarly situated liquidated damages pursuant to NYLL § 663;

(F) Award Plaintiff and others similarly situated "spread of hours" pay in the amount of one times the then-applicable minimum wage rate for each day any Plaintiff worked 10 or more hours in a workday pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

(G) Aware Plaintiff and others similarly situated statutory damages pursuant to NYLL § 198-d

(H) Award Plaintiff Kim appropriate damages for the retaliatory acts taken against him, including back pay, front pay in lieu of reinstatement, emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(I) Award Plaintiff and others similarly situated interest;

(J) Award Plaintiff and others similarly situated the costs of this action together with reasonable attorneys' fees; and

(K) Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and others similarly situated demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **28th** day of **March, 2017.**


ANDERSONDODSON, P.C.                ANDERSONDODSON, P.C.

*/s/ Penn Dodson*                   */s/ Alex Gastman*

**Penn A. Dodson (PD 2244)**        **Alexander L. Gastman (AG 8241)**
*penn@andersondodson.com*           *alex@andersondodson.com*
Attorney for Plaintiffs             Attorney for Plaintiff


11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Kim v. 32 Music Studio, Corp. et al*  
USDC, Southern District of New York

Complaint  
Page 19