## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Settlement Agreement and Mutual General Release ("Agreement") is hereby entered into by and between Min Kim ("Kim") and 32 Music Studio, Corp. ("32 Music") and Du Kyu Park ("Park", and collectively with 32 Music, "Defendants") for good and valuable consideration. Kim and Defendants are collectively referred to as the "Parties."

**WHEREAS**, Kim filed a complaint in the United States District Court, Southern District of New York, Case No. 1:17-cv-02233-PKC, alleging violations of the Fair Labor Standards Act and New York Labor Laws (the "Action"); and

**WHEREAS**, Defendants deny and continue to deny that they have engaged in any form of unlawful employment action, or engaged in any form of wrongdoing against Kim; and

**WHEREAS**, the Parties have agreed that it is in their mutual interest to avoid further costs of litigation, to resolve fully and finally all of their disputes, including the claims and charges concerning, relating to, or arising out of Kim's employment and separation therefrom, upon the terms and conditions more fully set forth hereinafter;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Non-Admission of Liability.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall in any way be construed as an admission by either Party of any liability or any act of wrongdoing whatsoever against the other. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the Parties that this Agreement is being entered into to avoid the further burden, expense, delay and uncertainty of litigation.

2. **Settlement Benefits.** In consideration for the Parties signing this Agreement and agreeing to voluntarily dismiss all claims asserted in the Complaint with prejudice, including any and all claims for attorneys' fees, and entering into the mutual general release as detailed below, Defendants agree to pay a total of **$65,000.00**, made payable to "AndersonDodson, P.C., f/b/o Min Kim". The aforementioned payment shall hereinafter be referred to as the "Settlement Payment". The Settlement Payment by Defendants shall be paid as follows:

   a. TEN THOUSAND DOLLARS ($10,000.00) within thirty (30) days of the date the Parties fully execute this Agreement ("Execution Date");
   b. FIVE THOUSAND DOLLARS ($5,000.00) within sixty (60) days of the Execution Date;
   c. FIVE THOUSAND DOLLARS ($5,000.00) within ninety (90) days of the Execution Date;
   d. FIVE THOUSAND DOLLARS ($5,000.00) within one hundred twenty (120) days of the Execution Date;
   e. FIVE THOUSAND DOLLARS ($5,000.00) within one hundred fifty (150) days of the Execution Date;
   f. FIVE THOUSAND DOLLARS ($5,000.00) within one hundred eighty (180) days of the Execution Date;

g.  FIVE THOUSAND DOLLARS ($5,000.00) within two hundred ten (210) days of the Execution Date;

h.  FIVE THOUSAND DOLLARS ($5,000.00) within two hundred forty (240) days of the Execution Date;

i.  FIVE THOUSAND DOLLARS ($5,000.00) within two hundred seventy (270) days of the Execution Date;

j.  FIVE THOUSAND DOLLARS ($5,000.00) within three hundred (300) days of the Execution Date;

k.  FIVE THOUSAND DOLLARS ($5,000.00) within three hundred thirty (330) days of the Execution Date; and

l.  FIVE THOUSAND DOLLARS ($5,000.00) within three hundred sixty (360) days of the Execution Date.

Said checks shall be delivered to AndersonDodson, P.C., at 11 Broadway, Suite 615, New York, New York 10004. Upon request of Defendants or their counsel, Plaintiff's counsel will provide wire transfer instructions or online invoices that may be paid online via ACH payment (bank transfer). The inclusion of an email address in the signature block below shall constitute a request for invoices to be sent electronically and permission for Plaintiffs' counsel to make contact with that email address holder for those purposes. In all of these cases, the moneys will be deposited into Plaintiff's counsel's trust account and Plaintiff's counsel shall be responsible for the distribution of those moneys to the Plaintiff and his counsel.

The Parties agree to be responsible for their own counsel fees incurred in relation to the Action. In the alternative, Kim understands that the Defendants' payment of the settlement includes the payment for Kim's counsel fees incurred in relation to this Action. Kim understands and agrees that he will not seek anything further, including any other payments from Defendants relating to any claim arising out of the Action, provided Kim receives all of the Settlement Payments as stated above. In the event that a Settlement Payment is not received by the payment due date, or if a check is returned due to lack of sufficient funds, Plaintiff's counsel shall notify Defendants' counsel of the Default via electronic mail at joshualim@kcllawfirm.com ("Notice"). Defendants shall have ten (10) business days from the Notice date to cure the Default. In the event that a Default is not timely cured, Kim shall be entitled to file the Affidavit of Confession of Judgment in the amount of ONE HUNDRED THIRTY THOUSAND DOLLARS ($130,000.00), less any Settlement Payments already made.

3.  **Release:**  For and in return for the total payment specified above, Kim knowingly and voluntarily releases and forever discharges the Defendants, their parent and affiliate companies, subsidiaries, divisions, business units, committees, groups, insurers and their predecessors, successors, assigns, trustees, administrators, executors, agent, accountants, attorneys, as well as their former and current employees (collectively referred to as "Releasees"), which Kim, or Kim's heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have relating to Plaintiff's alleged unpaid minimum wage and overtime pay arising from Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 and for alleged unpaid wages, tips, minimum wage, overtime pay and spread-of-hours compensation arising from the Plaintiff's claims under the New York Labor Law as well as § 650 et seq., including Part 142, § 142-2.2 and § 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the

Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), from the beginning of the world to the day and date this Agreement is fully executed.

4. **Tax Treatment.** Defendants makes no representations with respect to the taxability, in whole or in part, of the Settlement Payment. Employee agrees to be responsible for any taxes associated with the payments made to her hereunder. However, should any taxing or governmental authority make a determination that some or all of the payments hereunder should have been subject to withholdings, Employee shall be responsible for any additional taxes or penalties relating to such findings; and Employee shall hold Employer harmless for any damages, including, but not limited to, counsel fees, penalties, additional taxes and other such damages.

5. **Other Actions.** Kim represents that he has not filed or participated in any action, charge, complaint or proceeding of any kind against the Defendants, in any court or before any administrative or investigative body or agency (other than the Complaint described above).

6. **References/Employment Inquiries.** Defendants agree to provide neutral references for Kim in accordance with the terms of this section. Kim shall refer any requests for employment references by potential employers to the Human Resources department ("HR") of 32 Music. Defendants agree that any employment inquiries or reference requests which are directed to 32 Music's HR shall at most state dates of employment and positions held.

7. **Further Assurances**. The Parties acknowledge and agree that this Agreement serves to memorialize the terms of settlement which were agreed upon at a mediation session facilitated by Neal M. Eiseman of Goetz Fitzpatrick, LLP, on or about September 27, 2017.

8. **Binding Nature of Agreement.** This Agreement shall be binding upon each of the Parties and upon the heirs, administrators, representatives, executors, successors and assigns of each of them, and shall inure to the benefit of each party and to the heirs, administrators, representatives, executors, successors, and assigns of each of them.

9. **Entire Agreement.** This Agreement is intended by the Parties as a final expression of their agreement and as a complete and exclusive expression of its terms. This Agreement, which shall be deemed to be a contract under seal, shall supersede all prior discussions, promises, representations or understandings, oral and written, among the Parties in connection with the subject matter hereof.

10. **Construction.** The language of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

11. **Severability.** In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not be affected or impaired thereby. This Agreement shall survive the performance of the specific arrangements contained herein.

12. **Modification.** This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by all Parties.

DocuSign Envelope ID: C557DB20-611D-4EAF-B62F-180445BB561C

13.      **Counterparts.**  This Agreement may be executed and delivered in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. The parties agree that a faxed, scanned, or secured electronic signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by secured electronic signature software, fax, or pdf attachments to emails.

14.      **Enforcement and Controlling Law.** This Agreement is made and entered into, and shall be subject to, governed by and interpreted in accordance with the laws of the state of New York and shall be fully enforceable in the courts of that state, without regard to principles of conflict of laws, and shall be interpreted as neutral as between the Parties, without regard to any presumptions, inferences or rules of construction based on the authorship of the Agreement.  In addition to any and all other available remedies for the breach of any provision of this Agreement (none of which are waived in or by this Agreement), any party shall have the right to seek specific enforcement of this Agreement, except as to provisions which subsequently may be held invalid or unenforceable.

**PLEASE READ CAREFULLY BEFORE SIGNING. THIS SETTLEMENT AGREEMENT AND RELEASE HAS IMPORTANT LEGAL CONSEQUENCES.**

**IN WITNESS WHEREOF, the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below.**

**[signature page follows]**

MIN KIM

By: _____

Dated: 2017-11-01

HOWARD DU KYU PARK
On behalf of 32 Music Studio Corp.,

By: _____

Title:

Dated:

HOWARD DU KYU PARK
Individually,

By:_____

Dated:

Email address for online invoices to be sent to:  (See § 2 above)

_____

MIN KIM

By:_____

Dated:


HOWARD DU KYU PARK
On behalf of 32 Music Studio Corp.,

By: _____

Title: Owner

Dated: Nov. 14. 2017


HOWARD DU KYU PARK
Individually,

By:_____

Dated: Nov. 14. 2017


Email address for online invoices to be sent to: (See § 2 above)


howardpark597 @ hotmail.com